UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERNANDO PAIS, | : |
| Plaintiff, | : |
| v. | : No. 3:08-cv-01156 (DJS) |
| CITY OF WATERBURY, TIMOTHY JACKSON, and MILFORD HAYES, | : |
| Defendants. | : |

**MEMORANDUM OF DECISION AND ORDER**

The plaintiff, Fernando Pais, brings this action against the defendants — the City of Waterbury, Timothy Jackson and Milford Hayes — alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution, of the Connecticut Constitution, and of Connecticut common law. Jurisdiction exists under 28 U.S.C. §§1331 and 1367(a). Now at bar is the defendants' Motion for Partial Summary Judgment. For the following reasons, the Motion (doc. #33) is granted in part and denied in part.

I.   **BACKGROUND**[1]

Fernando Pais is an individual residing in Waterbury, Connecticut. Timothy Jackson and Milford Hayes are detectives of the Waterbury Police Department. Mr. Pais brings this action

---
[1] Unless otherwise indicated, the following is drawn from filings related to the motion at bar.

1

against Detectives Jackson and Hayes in their individual capacities only.

Until he was laid off on November 14, 2007, Mr. Pais worked as a laborer for NJR Construction Company.

On November 30, 2007 — sixteen days after Mr. Pais' employment was terminated — NJR Construction reported that one of its trucks was stolen.  Four days later, on December 4, 2007, Officer Daniel Stanton of the Waterbury Police Department found the missing truck on Griggs Street in Waterbury, Connecticut.

Early the next morning, on December 5, 2007, Nick Mancini — the owner of NJR Construction — contacted Detective Jackson about the recovered truck.  At that time, Mr. Mancini and Detective Jackson were already personally acquainted.

Mr. Mancini explained to Detective Jackson that the truck, at the time of its disappearance, contained $30,000.00 worth of unspecified tools, and that these tools were missing from the truck after its recovery.  Mr. Mancini further explained that he suspected Mr. Pais of having stolen the truck and, by implication, the missing tools.

At approximately 9:00 a.m. that day, Detective Jackson, accompanied by Detective Hayes, proceeded to Mr. Pais' residence.  There, without specifying the reason for their visit, they asked Mr. Pais to voluntarily accompany them to the Waterbury Police Department for questioning.  Mr. Pais agreed.

2

Upon arrival, the three men proceeded to the Detective Bureau where Detective Jackson directed Mr. Pais to an interview room. Detective Jackson then entered that interview room, closed the door, and engaged Mr. Pais in discussion. Detective Hayes, in contrast, did not enter the interview room. Rather, he proceeded to his desk at the far end of the adjacent room and turned his attention to other matters.

Shortly thereafter, at approximately 9:50 a.m., Detective Jackson struck Mr. Pais in the face, causing the latter to suffer pain and significant bleeding from his nose. Detective Jackson and Mr. Pais offer differing accounts of their interaction immediately preceding this incident.

After being struck, Mr. Pais was escorted to a nearby washroom by Detectives Jackson, Hayes, and an unidentified third Detective. There, Mr. Pais was instructed to remove his blood-stained clothing and to wash away the blood having accumulated on his face, chest, and hands. Mr. Pais requested medical attention to address his injury, but none was provided.

Mr. Pais was then placed in a holding cell for approximately six hours. Throughout this period, he continued to bleed and to request medical attention. His requests were disregarded. Ultimately, at 4:06 p.m., Mr. Pais was arrested by Detective Jackson and charged with disorderly conduct and interfering with an officer. Mr. Pais subsequently brought this

action.

Mr. Pais' complaint focuses on Detective Jackson's physical contact with him in the interview room and on his resulting injury, on his subsequent detention and denial of medical care, and on his arrest.  Specifically, Mr. Pais alleges that Detective Jackson's physical contact with him in the interview room constitutes an unreasonable use of force in violation of the Fourth Amendment to the U.S. Constitution and of the Connecticut Constitution (included in the First and Third Causes of Action), and constitutes the common law torts of assault and battery (included in the Second Cause of Action). Additionally, he claims that the defendant Hayes, who could have interceded, failed to do so despite having a duty to do so (included in the First Cause of Action).

Mr. Pais also alleges that his subsequent prolonged detention and denial of medical care violated his rights under the U.S. Constitution and the Connecticut Constitution (included in the First and Third Causes of Action).  He further alleges that his arrest and prosecution violated his rights under the U.S. Constitution and Connecticut law. (included in the First, Second, and Third Causes of Action). He also generally alleges that Detectives Jackson and Hayes engaged in extreme and outrageous conduct for the purpose of inflicting emotional distress upon him in violation of Connecticut common law

4

(included in the Second Cause of Action) and conspired with each other to deprive him of his constitutional rights (included in the First Cause of Action).

Mr. Pais alleges that the City of Waterbury developed and maintained policies or customs resulting in the violation of his constitutional rights (Fourth Cause of Action). Finally, he alleges that the City is statutorily obliged to indemnify Detectives Jackson and Hayes for any liability arising from their conduct (Fifth Cause of Action). Detectives Jackson and Hayes and the City now move for summary judgment as to some of these claims.[2]

## II. GOVERNING STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, on a motion for summary judgment, the Court must "determine whether, as to any material issue, a genuine factual dispute exists." Kaytor v. Electric Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010); Anderson v. Liberty Lobby,

---

[2] The motion at bar offers no challenge to the claims against Detective Jackson related to his physical contact with Mr. Pais in the interview room, or to the claims against Detectives Jackson and Hayes related to their subsequent denial of Mr. Pais' requests for medical attention. (Doc. #33, p. 1, n.1). The motion also does not address the plaintiff's claim that the defendants inflicted emotional distress upon Mr. Pais in violation of Connecticut common law.

5

Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Liberty Lobby, 477 U.S. at 248; Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010).  The Court must also determine whether the undisputed material facts, if any, entitle the movant to judgment as a matter of law under the controlling substantive standards.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Kaytor, 609 F.3d at 545.

In making these determinations, "the court should review all of the evidence in the record."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000); Kaytor, 609 F.3d at 545.  In so doing, "the court must draw all reasonable inferences in favor of the nonmoving party, and . . . may not make credibility determinations[,] weigh the evidence," or otherwise "resolve disputed questions of fact."  Reeves, 530 U.S. at 150; Kaytor, 609 F.3d at 545.

**III. ANALYSIS**

    **A.  Abandoned Claims**

"[G]rounds alleged in the [plaintiff's] complaint but not relied upon in summary judgment are deemed to be abandoned."  Ferraresso v. Town of Granby, 646 F. Supp. 2d 296, 305 (D. Conn.

6

2009); see also Garbinski v. Nationwide Mutual Insurance Co., Civil Action No. 3:10cv1191 (VLB), 2012 U.S. Dist. LEXIS 102707, at *46 (D. Conn. July 24, 2012)(where a plaintiff's response to a summary judgment motion does not oppose arguments addressing certain of the plaintiff's claims, the "court may deem the claims abandoned and grant summary judgment").

In his response to the defendants' motion for partial summary judgment, Pais expressly states that "[t]he plaintiff does not contest defendants' motion with respect to the [following] claim[s:] . . . the claim against the City of Waterbury[,] . . . the claim of false arrest, malicious prosecution and false imprisonment[,] . . . his Fifth Amendment claim[, and] . . . the claim of unreasonable force or assault and battery against defendant Hayes." (Doc. # 34, pp. 1-2). The plaintiff also did not oppose the defendants' argument regarding statutory indemnification pursuant to Connecticut General Statutes §7-465 and §7-101a.[3]  The Court deems these claims abandoned and grants the defendants' motion with respect to the claim against the City of Waterbury (Fourth Cause of Action), the claims of false arrest, malicious prosecution and false

---

[3] The Court notes that "Conn. Gen. Stat. §7-101a does not provide a direct cause of action against a municipality. Moreover, Conn. Gen. Stat. §7-465 requires an allegation that the employee's conduct was not wanton or willful." Karbowicz v. Borough of Naugatuck, 921 F. Supp. 77, 78 (D. Conn. 1995)(citations omitted). Here, the plaintiff has alleged that "Defendants Jackson and Hayes acted intentionally, wantonly, and/or unlawfully . . . ." (Doc. # 1, p. 5, ¶26).

7

imprisonment (included in the Second and Third Causes of Action), the claim of unreasonable force or assault and battery against the defendant Hayes (included in the First, Second, and Third Causes of Action), the claim seeking statutory indemnification pursuant to General Statutes §7-465 and §7-101a (Fifth Cause of Action), and the Fifth Amendment claim.[4]

### B.   Failure to Intercede

Detective Hayes seeks summary judgment with respect to the allegation that he personally failed to intercede on behalf of Mr. Pais as to Detective Jackson's excessive use of force. In response, Mr. Pais confines his failure to intervene claims to the constitutional violations arising from his "subsequent detention, denial of medical treatment, [and] denial of access to an attorney[.]" (Doc. #34-3, p. 5).  Mr. Pais concedes, however, that Detective Hayes "was not in the room when the assault happened," and that he "may not have been able to intervene in the initial attack[.]" (Id. at pp. 5, 8). Accordingly, the motion at bar, to the extent it seeks summary judgment with respect to the allegation that Detective Hayes personally failed to intercede on behalf of Mr. Pais as to Detective Jackson's excessive use of force, is granted.

---

[4] Although the plaintiff's complaint does not expressly raise a Fifth Amendment claim, the defendants address a Fifth Amendment claim in their motion for summary judgment based on a factual allegation in the complaint.

**C.   Conspiracy**

Detectives Jackson and Hayes seek summary judgment with respect to the allegation that they conspired to violate Mr. Pais' constitutional rights. Although the plaintiff's complaint does not specify a basis for the claim of a conspiracy, for purposes of the summary judgment motion both the defendants and the plaintiff address the conspiracy claim in terms of 42 U.S.C. § 1985(3)[5] ("§ 1985(3)") (Doc. # 33-3, p. 22; Doc. # 34-3, p. 8). In order to make out a claim under § 1985(3), a plaintiff must allege and prove that "the conspiracy [was] motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Robinson v. Allstate Insurance Co., 11-4348-cv, 2013 U.S. App. LEXIS 1412, at *5 (2d Cir. Jan. 22, 2013)(internal quotation marks omitted). Here the plaintiff has provided no evidence, nor has he alleged, that the purported conspiracy was motived by racial or otherwise class-based animus. For that reason, his conspiracy claim fails and the motion is granted as to that claim.

The Court further notes that a plaintiff pursuing a claim that defendants conspired to deprive him of his constitutional rights "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement,

---

[5] 42 U.S.C. § 1985(3)prohibits "two or more persons [from] . . . conspir[ing] . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."

express or tacit, to achieve the unlawful end." Id.  The Court finds that the plaintiff has not provided a factual basis supporting a meeting of the minds, which is an additional reason why his conspiracy claim cannot succeed.

### D.   Qualified Immunity

Finally, Detectives Jackson and Hayes seek summary judgment with respect to Mr. Pais' constitutional claims on qualified immunity grounds. Specifically, they argue that their actions towards Mr. Pais were objectively reasonable.

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).  As such, "[q]ualified immunity balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id.

In Saucier v. Katz, 533 U.S. 194 (2001), the U.S. Supreme Court set forth a mandatory two-step inquiry to ascertain the availability of the qualified immunity defense.  First, the Court must decide whether "the facts alleged show the officer's conduct violated a constitutional right[.]" Id. at 201.  Where

the plaintiff satisfies this first step, the court must decide "whether the right was clearly established" at the time of the defendant's alleged misconduct. Id. This two-step process is still considered "beneficial," but is no longer mandatory. Pearson, 555 U.S. at 236; Hilton v. Wright, 673 F.3d 120, 126-27 (2d Cir. 2012).

At the summary judgment stage, defendants will only be entitled to qualified immunity where "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff[ ], could conclude that it was objectively unreasonable for the defendant[s] to believe that [they were] acting in a fashion that did not clearly violate an established federally protected right." Farid v. Ellen, 593 F.3d 233, 244 (2d Cir. 2010) (internal quotation marks omitted).

Here, a reasonable jury could conclude, based on record evidence interpreted in the light most favorable to Mr. Pais, that Detective Jackson unexpectedly punched him in the face without provocation and fabricated a pretext to justify his act. A reasonable jury could further conclude, based on record evidence interpreted in the light most favorable to Mr. Pais, that Detectives Jackson and Hayes subsequently concealed his resulting injury, needlessly prolonged his detention, and denied him access to necessary medical attention. Given these

11

circumstances, a reasonable jury could conclude that it was objectively unreasonable for Detectives Jackson and Hayes to believe that their conduct did not clearly violate Mr. Pais' Fourth and Fourteenth Amendment rights. See Mickle v. Morin, 297 F.3d 114, 122 (2d Cir. 2002) (explaining that a reasonable jury could credit the plaintiff's version of the pertinent facts and conclude that a police officer's use of force "without warning or provocation" was excessive in violation of the Fourth Amendment and that "no reasonable police officer could objectively have believed otherwise"); Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) (recognizing that the denial of a pretrial detainee's needs for medical care can constitute a Fourteenth Amendment violation). Accordingly, the motion at bar, to the extent it seeks summary judgment on qualified immunity grounds, is denied.

## IV. CONCLUSION

For the foregoing reasons, the defendants' Motion for Partial Summary Judgment (**doc. #33**) is **GRANTED IN PART and DENIED IN PART.** Specifically, the motion is granted insofar as it seeks summary judgment with respect to: (1) the Section 1983 claim against the City of Waterbury (Fourth Cause of Action); (2) the claims of false arrest, malicious prosecution and false imprisonment against the defendants Hayes and Jackson (included in the Second and Third Causes of Action); (3) the Fifth

12

Amendment claim against the defendants Hayes and Jackson; (4) the unreasonable use of force and assault and battery claims against the defendant Hayes (included in the First, Second, and Third Causes of Action); (5) the claim seeking statutory indemnification pursuant to Connecticut General Statutes § 7-465 and § 7-101a (Fifth Cause of Action); (6) the failure to intercede claim against the defendant Hayes relating to the defendant Jackson's alleged use of excessive force (included in the First Cause of Action); and (7) the conspiracy claims against the defendants Hayes and Jackson (included in the First Cause of Action).

This case will proceed as to the following claims:

(1) the unreasonable use of force and assault and battery claims against the defendant Jackson (included in the First, Second, and Third Causes of Action);

(2) the claims against the defendants Hayes and Jackson that the plaintiff's prolonged detention and denial of medical care violated his rights under the U.S. Constitution and the Connecticut Constitution (included in the First and Third Causes of Action);

(3) the intentional infliction of emotional distress

13

claims against the defendants Hayes and Jackson (included in the Second Cause of Action).

SO ORDERED this  4th  day of June, 2013.

____/s/ DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE